**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CLIFF HARDY**                                                                                      **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:08-CV-28-SA-JAD**

**CITY OF TUPELO, MISSISSIPPI**                                                   **DEFENDANT**

**ORDER**

In the Complaint, Plaintiff brought a claim under 42 U.S.C. § 1981 based on the same facts as his claims under Title VII and the First Amendment. In its Motion for Summary Judgment, filed on March 13, 2009, the Defendant addressed the Plaintiff's Section 1981 claim, along with his Title VII and First Amendment claims. On April 17, 2009, Plaintiff responded to Defendant's summary judgment arguments concerning the Section 1981 claim, by stating: "Hardy abandons his claims under the Fourteenth Amendment and 42 U.S.C. § 1981 at this time. He sues only under the First Amendment and Title VII." In the Defendant's subsequent reply brief, it acknowledged the Plaintiff's abandonment of his Fourteenth Amendment and Section 1981 claims.

On June 23, 2009, over two months after abandoning his Section 1981 claim and less than one month before trial, the Plaintiff asked the Court to allow him to reassert his claim under 42 U.S.C. § 1981. For the reasons stated below, the Plaintiff's Motion to Reassert [83] is **DENIED**.

The only explanation Plaintiff offers for his abandonment of the Section 1981 claim and subsequent desire to reassert it is error on the part of his counsel. He argues that allowing him to reassert the claim will not result in any prejudice to the Defendant, in that a claim under 42 U.S.C. § 1981 has the same elements as a Title VII claim. The Plaintiff also argues that the Defendant is judicially estopped from claiming that it would be prejudiced by reassertion of the Section 1981 claim.

Defendant responds that the Plaintiff should not be allowed to reassert the Section 1981 claim in that it would be inequitable, at this late stage, to allow him to reassert a claim that he voluntarily abandoned over two months ago. Defendant urges the Court to treat Plaintiff's statement that he "abandons his claims under the Fourteenth Amendment and 42 U.S.C. § 1981" and "sues only under the First Amendment and Title VII" as a voluntary dismissal under Rule 41(a)(1)(A)(ii). Defendant further argues that it would be prejudiced by reassertion of the Section 1981 claim in that it has focused its trial preparation solely on the Plaintiff's First Amendment and Title VII claims. In the alternative, the Defendant contends that the Section 1981 claim should be dismissed, for the reasons originally stated in its Motion for Summary Judgment.

Rule 41 states that a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The Fifth Circuit Court of Appeals has allowed stipulations that do not fit within the rote parameters of Rule 41 to function as a voluntary dismissal under Rule 41, as long as they are unequivocal and in the record. Conkling v. Turner, 138 F.3d 577, 592 (5th Cir. 1998); Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Servs., Inc., 799 F.2d 213, 218 (5th Cir. 1986); Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980). "To require the filing of a formal document would be to countenance a mechanistic view of the Federal Rules of Civil Procedure and exalt form over substance." Oswalt, 616 F.2d at 195.

The Court finds this situation analogous to the cases cited above. The Plaintiff filed a brief with the Court in which he unequivocally stated that he abandoned his Section 1981 claim, and that he was only proceeding on his First Amendment and Title VII claims. The Defendant implicitly agreed to the abandonment by acknowledging it in its reply brief and not addressing the Section

1981 claim in any subsequent filings (until, that is, the Plaintiff moved to reassert the claim). As such, the Court finds that the Plaintiff's abandonment of the Section 1981 claim functioned as a voluntary dismissal under Rule 41, and that claim is therefore dismissed without prejudice.

Furthermore, the Plaintiff's argument as to judicial estoppel is well-taken, albeit not in the manner contemplated by Plaintiff. The Plaintiff "assumed one position in his pleadings and may be estopped from assuming an inconsistent position." Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988). The purpose of judicial estoppel is "to prevent parties from 'playing fast and loose' with [the courts] to suit the exigencies of self interest." Id. (citation omitted). "The doctrine is used to protect the integrity of the judicial process." Id. The integrity of the judicial process would surely be compromised if counsel were allowed to represent to the Court that their client abandons a claim and later reassert that claim when counsel discovers that they have made an error in judgment, especially when the claim is reasserted just days prior to trial. The Court relied upon counsel's representation that the Section 1981 claim was abandoned. Plaintiff is judicially estopped from reasserting the claim.

The Plaintiff's Motion to Reassert is **DENIED**.

So ordered on this the 8th day of July, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**