**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CLIFF HARDY**                                                                                   **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:08-CV-28-SA-JAD**

**CITY OF TUPELO, MISSISSIPPI**                                                       **DEFENDANT**

**ORDER**

Currently before the Court are the Plaintiff's Motion in Limine [91] and the Defendant's Motion in Limine [92]. For the reasons stated below, Plaintiff's Motion in Limine [91] is **DENIED** and Defendant's Motion in Limine [92] is **DENIED IN PART** and **GRANTED IN PART**.

**I.**     **Plaintiff's Motion in Limine**

The Plaintiff moves that the Court exclude the following evidence from the trial of this case on the grounds that it is irrelevant and its admission into evidence would be prejudicial, inflammatory, and confusing to the jury: (1) Evidence that Robert Hall was indicted, as evidenced by indictments issued by the Circuit Court of Lee County, Mississippi, dated May 28, 2006, and September 29, 2006; and (2) Evidence that Robert Hall pled guilty to two misdemeanor charges, as evidenced by an order of the Circuit Court of Lee County, Mississippi, dated March 2, 2007.

Plaintiff does not dispute the relevance of the above evidence, but, rather, he argues that admission of evidence as to Hall's indictment and eventual guilty plea should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Defendant responds that evidence as to Hall's indictment and subsequent guilty plea is probative in that it would show that the Plaintiff's allegations of racial persecution were reckless and objectively unreasonable.

There is no dispute that the speech at issue in this case involves the alleged "persecution"

of Robert Hall. In fact, one of the central issues of this case is whether the Plaintiff's speech was objectively reasonable under the circumstances. Parker v. State of La. Dep't of Educ.Special Sch. Dist., 2009 U.S. App. LEXIS 8632, *19 (5th Cir. Apr. 23, 2009). Therefore, it is unavoidable that some details of the events surrounding Robert Hall's indictment and termination will come into evidence.

In criminal matters, a "witness-accomplice's guilty plea may be admitted into evidence if it serves a legitimate purpose and a proper limiting instruction is given." United States v. Mitchell, 31 F.3d 271, 276-77 (5th Cir. 1994). The typical purpose of a prosecutor eliciting testimony from a witness-accomplice as to their guilty plea is to "blunt the sword of anticipated impeachment" of that witness-accomplice. Mitchell, 31 F.3d at 277 (citing United States v. Valley, 928 F.2d 130, 133 (5th Cir. 1991)).

In the present case, the Court expects that the Plaintiff will seek to offer evidence that Robert Hall was "persecuted," as stated by the Plaintiff in the speech at issue. The Court recognizes that the "witness-accomplice" case cited above is not on-point, but the Court finds it instructive as to whether unfair prejudice may result from a third-party's testimony as to his own guilty plea in a case where the rights of another are being adjudicated. It strikes the Court as fundamentally unjust to allow the Plaintiff to portray the events surrounding Robert Hall's termination only from the standpoint favorable to his case, while excluding any mention of the facts favorable to the Defendant's case - facts that are relevant to the reasonableness of the Plaintiff's speech.

The Plaintiff is concerned that admission of evidence regarding Robert Hall's indictment and guilty plea will cause the jury to decide the case based on whether Hall was guilty or innocent. However, the Plaintiff's speech implied that Hall was innocent, and part of the Plaintiff's case is the

2

proposition that the implication was reasonable under the circumstances. Any potential unfair prejudice can be prevented by a limiting instruction as to the purpose of the evidence. The Court further acknowledges that these issues can be handled by counsel through effective cross-examination. The Court invites the parties to submit drafts of limiting instructions to be read contemporaneously with receipt of the evidence for the Court's consideration. Therefore, the Plaintiff's Motion in Limine [91] is **DENIED**.

## II. Defendant's Motion in Limine

The Defendant moves that the Court exclude the following evidence from the trial of this case pursuant to Federal Rules of Evidence 401, 402, and 403: (1) evidence regarding allegations that Tupelo police officers consider race and prestige in applying their discretionary authority in handling DUI arrests, and evidence regarding other claims of racial discrimination; and (2) evidence regarding a 2007 Cultural Diversity Assessment Report (the Report) that includes unsubstantiated allegations of race discrimination in the police department that are unrelated to the Plaintiff's allegations concerning Robert Hall.

### A. *Discretionary Authority and Other Claims of Racial Discrimination*

Defendant initially states in its Motion in Limine that it seeks to exclude any evidence "regarding allegations that Tupelo police officers consider race and prestige in applying their discretionary authority in handling DUI arrests." Defendant further states that "any evidence of discretion given by Tupelo officers in regard to DUI and traffic stops that are in no way similar to the alleged discretion" exercised by Robert Hall should be excluded. Defendant also argues that evidence of other claims of racial discrimination that have no relation to the alleged persecution of Robert Hall should not be permitted at trial.

3

The Plaintiff responds generally that he has no intention of offering evidence of specific acts of discrimination against other officers. However, he states that he does intend to ask questions on cross-examination as to whether there was a basis for Hardy's belief that Hall was being treated differently from white officers. The Plaintiff further argues that evidence of allegations of racial discrimination in the operation of the Department is relevant to the issue of whether the Plaintiff's speech was reckless or made in good faith.

The primary issue in this case is whether the Plaintiff was terminated in retaliation for speaking - not whether the Tupelo Police Department or the City of Tupelo has a pattern or practice of discrimination on the basis of race. However, as this Court has acknowledged, evidence of the events surrounding the Plaintiff's speech is cogent to a claim of retaliation under either the First Amendment or Title VII. Hardy v. City of Tupelo, 2009 U.S. Dist. LEXIS 55836 (N.D. Miss. June 26, 2009) (memorandum opinion on summary judgment). The Court acknowledged in a footnote of its opinion that the Fifth Circuit Court of Appeals has stressed the potential truth or falsity of a plaintiff's speech alleging official misconduct. Id. at *18 n. 5 (citing Wallace v. County of Comal, 400 F.3d 284, 290 (5th Cir. 2005)). Likewise, the Court acknowledged that the Fifth Circuit Court of Appeals has stated that, in retaliation cases arising under the opposition clause of Title VII, a plaintiff may establish that he was engaged in a protected activity by showing that he had an objectively reasonable belief that the employer was engaged in unlawful employment practices. Id. at *28 (citing Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 348 (5th Cir. 2007)).

The Court can not, therefore, grant the Defendant's Motion in Limine on this issue, at least not with the information currently before the Court. The Defendant's motion is worded so broadly that it necessarily would encompass matters relevant to the Title VII and First Amendment claims.

4

Mayer v. Future Elecs. GP Corp., 2008 U.S. Dist. LEXIS 105582, *3-*4 (N.D. Miss. Oct. 30, 2008) (declining to generally exclude evidence of other allegations of discrimination by an employer) (citing Wyvill v. United Cas. Life Ins. Co., 212 F.3d 296, 302 (5th Cir. 2000)).

As such, the Court **DENIES** the Defendant's motion in limine on this issue, to the extent that the motion seeks a blanket prohibition on such evidence. However, should the Defendant wish to raise more specific objections as to evidence presented on this issue at trial, the Court will consider them on a case-by-case basis. Brockington v. Circus Circus Miss., Inc., 2008 U.S. Dist. LEXIS 103619, *4-*5 (N.D. Miss. Dec. 16, 2008); see also Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 357 (5th Cir. 1995) (noting that district court made "blanket" pre-trial evidentiary ruling, rather than allowing development of a party's case at trial).

## B.     *Cultural Diversity Assessment Report*

Defendant argues that the Cultural Diversity Assessment Report ("the Report") should be excluded from trial, as it contains hearsay, does not provide specific information regarding the allegations therein or the author's attempts to verify them, and does not include any information regarding Robert Hall. Plaintiff responds that the Report is admissible under the public records exception to the hearsay rule.

Public records are admissible as exceptions to the hearsay rule under certain circumstances. The Federal Rules of Evidence state:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

FED. R. EVID. 803(8). The Fifth Circuit Court of Appeals has clarified that the public records exception to the hearsay rule applies if: "first, the person making the record observed the matters contained in the record firsthand pursuant to a duty imposed by law; second, the record is prepared pursuant to a duty imposed by law; and third, the documents and surrounding circumstances indicate trustworthiness." United States v. Central Gulf Lines, Inc., 747 F.2d 315, 319 (5th Cir. 1984).

The Report largely consists of allusions to rumors and complaints gleaned by the Report's author from interviews with undisclosed persons. It contains no information to substantiate the allegations therein. Furthermore, the Plaintiff has offered no evidence 1) that the Report's author personally observed the matters reported therein pursuant to a duty imposed by law, 2) that the Report was written pursuant to a duty imposed by law, or 3) that there are any documents or surrounding circumstances that indicate the report's trustworthiness. The Report is, therefore, inadmissible hearsay. FED. R. EVID. 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."). The Defendant's Motion in Limine [92] is **GRANTED** as to the Cultural Diversity Assessment Report. The Report and any reference or allusion to it or its contents are excluded from trial.

So ordered on this the 10th day of July, 2009.

                                        **/s/ Sharion Aycock**
                                        **UNITED STATES DISTRICT JUDGE**